IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-03222-RBJ

CHRIS JAKUBAUSKAS,

    Plaintiff,

v.

ECOLAB, INC.,

    Defendant.

ORDER

This matter is before the Court on defendant Ecolab, Inc.'s Motion for Summary Judgment [docket #45], plaintiff Chris Jakubauskas's Motion for Sanctions – Adverse Jury Instruction against Defendant Ecolab [#46], and Ecolab's Motion for Order to Adjudicate Summary Judgment Motion, with Request for Expedited Consideration [#48].

**Facts[1]**

The plaintiff, Chris Jakubauskas ("Mr. Jakubauskas"), was employed at Sodexo's facility at Western State College in Gunnison, Colorado as a dishwasher. His duties included cleaning inside the conveyor dish machine, a Jackson ES 6600 model, which had been leased to Sodexo by defendant Ecolab. The machine has a latch, or "catch," which functions to hold up the front sliding doors if the operator were to slide the doors up and into the valley of that catch. To close

---

[1] The facts are derived mostly from Ecolab's motion for summary judgment [#48]. Because Mr. Jakubauskas responded neither to the motion nor to any facts as detailed by Ecolab, he "confesses all facts asserted and properly supported in the motion." *See infra* p. 4 (quoting *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002)).

1

the door, the operator would normally lift the door up and off the valley of the catch, where it can then slide down into a closed position.

On November 5, 2009, Mr. Jakubauskas injured himself while cleaning the machine when he reached inside the machine to remove a fork that had been lodged inside. Mr. Jakubauskas had opened the front sliding doors by lifting and placing them into the catch. The door remained open for twenty minutes before it suddenly closed on Mr. Jakubauskas's arm, without anyone touching it or the machine. There are no witnesses to the incident.

Ecolab had leased the particular machine to Sodexo beginning in 2008, when Ecolab purchased the machine directly from the manufacturer and shipped it directly to Sodexo. As part of the lease with Sodexo, Ecolab would service the machine approximately once a month and provide additional servicing as requested by Sodexo.

Mr. Jakubauskas originally filed this lawsuit in Gunnison County District Court, case number 2011-cv-235, alleging that Ecolab's conduct constituted negligence under Colorado law. Notice of Removal [#1]; Complaint [#2]. Ecolab removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. [#1]. Mr. Jakubauskas claims that Ecolab failed to exercise the degree of care and control that a reasonable person would under the same or similar circumstances, and that Ecolab's conduct caused injuries and losses to Mr. Jakubauskas, including lost wages, medical and rehabilitation treatment expenses, pain and suffering, loss of enjoyment of life, and physical impairments. [#2] at 2.

**Standard of Review**

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v.*

*Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* When the movant does not have the ultimate burden at trial, it may succeed on a motion for summary judgment when it has shown the court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Conclusions**

**A. Summary Judgment.**

Ecolab moves for summary judgment on the basis that Mr. Jakubauskas cannot show a prima facie case of negligence. Specifically, Ecolab argues that Mr. Jakubauskas has not shown that Ecolab's actions were the proximate cause of his injuries or that Ecolab owes him a duty of care with respect to deliming the machine.

Ecolab's motion for summary judgment was filed on January 24, 2013. [#45]. Pursuant to the local rules, the response brief for a motion for summary judgment under Fed. R. Civ. P. 56 "shall be filed within 21 days after the date of service of the motion, or such other time as the court may order." D.C.COLO.LCivR 56.1.A. Although parties may stipulate to an extension of time for a response to a complaint, cross-claim, counterclaim, third-party complaint, interrogatories, requests for production of documents, or requests for admissions, all other

requests for extensions "must be approved by court order on motion." D.C.COLO.LCivR 6.1.A, 6.1.C. To date, over eleven weeks after the original motion was filed, Mr. Jakubauskas has not responded to the motion nor filed a motion seeking an extension of time to file a response.[2]

Under Federal Rule of Civil Procedure 56(c), "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323 (internal quotation marks omitted). Where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. Pro. 56(e)(2)–(3). "[S]ummary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c)." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002).

"Summary judgment is not proper merely because [plaintiff] failed to file a response." *Id.* at 1200. Rather, by failing to file a response, Mr. Jakubauskas has "waived the right to file a response and confesses all facts asserted and properly supported in the motion." *Id.* at 1199.

---

[2] It appears that Mr. Jakubauskas's counsel emailed counsel for Ecolab on February 14, 2013 asking for an extension to file the response brief until March 8. [#48-1] at 2. Counsel for Ecolab correctly advised that, although Ecolab would not oppose a motion for an extension, Mr. Jakubauskas still needed to file a motion with the Court for the extension. *See* D.C.COLO.LCivR 6.1C.

The Court also notes that in its Motion for Order to Adjudicate Summary Judgment Motion, with Request for Expedited Consideration [#48], filed on March 13, 2013, counsel for Ecolab certified its attempt to confer with Mr. Jakubauskas's counsel regarding the absence of a response brief. *See* D.C.COLO.LCivR 7.1A. Mr. Jakubauskas's counsel apparently "(1) acknowledged that he did not file a response brief to Ecolab's motion for summary judgment, (2) stated he was working on it and would try to get something filed this week, and, (3) that he opposes this motion." [#48] at ¶9. Nevertheless, Mr. Jakubauskas has not filed with the Court a response to the original motion for summary judgment [#44], a response to the motion for expedited consideration [#48], or any request for an extension of time.

Therefore, this Court "may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1200.

The Court concludes that the facts considered undisputed show that Ecolab has met its initial burden of demonstrating that no material issues of fact remain and is therefore entitled to summary judgment. "In cases involving negligent torts, a common law prima facie cause of action requires the proof of four elements: a plaintiff must show that first, the defendant owed a legal duty of care; second, the defendant breached that duty; third, the plaintiff was injured; and fourth, the defendant's breach caused that injury." *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004). Ecolab challenges two prima facie elements in its motion: proximate cause and duty.

As to proximate cause, Ecolab argues that Mr. Jakubauskas has not shown prima facie evidence that Ecolab's actions were the "but-for" cause of his injuries from the incident. "Proximate cause has two aspects: causation in fact and legal causation." *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 985 (Colo. App. 2011). The requirement of "but for" causation, or causation in fact, is satisfied if the negligent conduct in a "natural and continued sequence, unbroken by any efficient, intervening cause, produce[s] the result complained of, and without which the result would not have occurred." *N. Colo. Med. Ctr., Inc. v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996) (quoting *Smith v. State Comp. Ins. Fund*, 749 P.2d 462, 464 (Colo. App. 1987)).

Here, the Court agrees with Ecolab that there are only two machine maintenance concerns raised by Mr. Jakubauskas that are relevant to his negligence claim: the maintenance of the door glides and the purported corrosion or lime deposits on the catch. *See* Jakubauskas Dep., [#45-5] at 47:12–48:19; 53:11–54:22. Ecolab has presented an affidavit by John Wornson, the

5

Lead Technical Service Specialist and Head of Training for Corporate Technical on the significance of these two maintenance concerns. [#45-1]. The door glides, or what Mr. Jakubauskas referred to as the missing "plastic sheets on the side," Jakubauskas Dep., [#45-5] at 47:16–25, "are pieces of plastic material attached on the sides of the door that allow the door to slide up and down in its track without metal against metal." Wornson Aff. ¶ 12. However, these glides neither connect to nor affect the operation of the door catch, *id.* at ¶¶ 12–13, whose malfunction Mr. Jakubauskas claims to have caused the door to fall on his arm.

There is likewise no evidence that any purported corrosion caused the catch to malfunction. Mr. Jakubauskas himself stated that he did not know whether the catch became loose because of the lime deposits or otherwise. Jakubauskas Dep., [#45-5] at 48:11–14. Additionally, the Court agrees with Ecolab that even if the corrosion somehow caused the catch to malfunction, Mr. Jakubauskas has not presented any evidence that Ecolab owed him a duty to remove the lime deposits.

"[W]hether a defendant owes a duty to a plaintiff is a question of law to be determined by the court." *Vigil*, 103 P.3d at 325. To establish a legal duty, the plaintiff must present evidence of an applicable standard of care, which is usually established by expert testimony when the standard of care is outside the common knowledge and experience of ordinary persons. *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo. 1997).

Here, Mr. Jakubauskas has not identified any experts to testify to the standard of care. *See* Jakubauskas Expert Disclosures, [#45-9]. On the other hand, Ecolab's expert Mr. Wornson states in his affidavit that "[u]nder the standard of care in the industry, it would be the responsibility of the account, Sodexo in this instance, and not Ecolab, the lessor in this instance, to regularly service a leased dish machine in regard to lime deposits." Wornson Aff. ¶ 15.

Daniel Burton, another Ecolab employee who serviced the Sodexo account, stated that he provided training on deliming the machine, and that this was the Sodexo's responsibility. Burton Dep., [#45-6] at 71:19–72:19. Ecolab also provided materials instructing how to properly delime the machine. *See* [## 45-4; 45-7]. In fact, Mr. Jakubauskas stated that he himself has cleaned the lime deposits. Jakubauskas Dep., [#45-5] at 49:3–8.

The Court concludes that Ecolab has met its initial burden to show that no material facts remain as to whether Ecolab's conduct was the "but-for" cause of Mr. Jakubauskas's injuries and whether Ecolab owed a legal duty to Mr. Jakubauskas. *See Murray*, 312 F.3d at 1200. Because no material facts remain for trial, Ecolab's motion for summary judgment is granted.

### B. Sanctions.

On November 5, 2012 the Court awarded attorney's fees and costs to the defendant as a sanction for discovery violations. The Court directed counsel to confer and attempt to reach agreement on an amount, but to set a hearing if an amount could not be agreed. On January 22, 2013 defendant filed a motion for attorney's fees [#44], supported by counsel's Affidavit [#44-1] and other documents. Counsel represented that counsel for the parties had conferred but could not reach an agreement, and that the total amount of money billed to the defendant for work on the discovery and sanctions issues at counsel's regular hourly rates plus costs totaled $5,891.

Plaintiff has not requested a hearing or responded in any other manner. The Court directs plaintiff's counsel to set a hearing within the next 14 days on the necessity and reasonableness of the amount requested if plaintiff wishes to contest the amount. If no hearing is set, and the Court has not received a stipulation as to the amount, the Court will rule based on defendant's submission.

**Order**

1. Defendant's motion for summary judgment [#45] is GRANTED. All claims against Ecolab, Inc. are dismissed with prejudice. Pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, defendant as the prevailing party is awarded its reasonable costs.

2. Motions ## 46 and 48 are MOOT.

3. Motion #44 will be held in abeyance for 14 days for the reasons set forth in this order.

DATED this 11th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge